IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**OTIS CURTIS DUNAHUE**                                                                    **PLAINTIFF**

v.                            Case No. 4:25-cv-920-JM

**WALMART,** *et al.*                                                                 **DEFENDANTS**

**ORDER**

Pending is Defendants' Motion to Dismiss (Doc. 13). In response, Plaintiff Otis Dunahue filed a motion to dismiss Defendants' motion to dismiss, which the Court will treat as his response to Defendants' motion. (Doc. 18, 19). For the reasons set out below, Defendants' motion is GRANTED. This case is DISMISSED.

**I.      Background**

Dunahue paid the filing fee and brought this pro se discrimination case on September 5, 2025. (Doc. 1). In his complaint, Dunahue, who is black, contends that he suffered discrimination when he was accused of cutting in line at a Walmart pharmacy and was not immediately given service by the Walmart employee. (*Id*. at 5–6). He filed suit for damages under Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), 42 U.S.C. § 1981, and state law. Dunahue does not allege that he was employed by Defendants. He does not allege that he suffered from a disability under the ADA.

**II.     Discussion**

The facts and legal reasoning set out in Defendants' brief (Doc. 14) is adopted in full. Defendants correctly point out that Dunahue's complaint is completely conclusory, offering no facts in support of his claims that he was subjected to a hostile work environment, discrimination, or that he was disabled and suffered an adverse employment action or denied a public

accommodation under the ADA. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Rather than file an amended complaint or address the deficiencies raised in Defendants' Motion to Dismiss, Dunahue instead challenged the timeliness of Defendants' response. (Doc. 18, 19). Accordingly, Dunahue's federal claims are dismissed for failure to state a claim on which relief can be granted, and the Court declines to exercise supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c)(3).

### III.   Conclusion

For the reasons set out above, Defendants' Motion to Dismiss (Doc. 13) is GRANTED. Dunahue's Motions (Doc. 18, 19) are DENIED as Moot.   This case is DISMISSED.

IT IS SO ORDERED this 21st day of January 2026.

_____
UNITED STATES DISTRICT JUDGE